UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

LESLEY MACIAS A/K/A NELSON RODRIGUEZ,

                           Plaintiff,

            -against-

THE CITY OF NEW YORK AND SEVERAL
UNIDENTIFIED POLICE OFFICERS,

                        Defendants.

---------------------------------------------------------------------- x

**ANSWER**

07-CV-3080 (TPG)

Jury Trial Demanded

Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

5. Defendant states that the statement set forth in paragraph "5" of the complaint does not constitute an averment to which a response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.    Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York, and respectfully refers the Court to the New York City Charter for a full description of the City's functions and duties.

8.    Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York, maintains a police department, and respectfully refers the Court to the New York City Charter for a full description of the City's functions and duties.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.    Defendant states that the allegations set forth in paragraph "10" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

11.    Defendant states that the allegations set forth in paragraph "11" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Denies the allegations set forth in paragraph "13" of the complaint.

14.    Denies the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested on March 8, 2006.

15.    Denies the allegations set forth in paragraph "15" of the complaint.

16.    Denies the allegations set forth in paragraph "16" of the complaint.

17.    Denies the allegations set forth in paragraph "17" of the complaint.

18.    In response to the allegations set forth in paragraph "18" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "17" of this answer as fully set forth herein.

19.    Defendant states that the allegations set forth in paragraph "19" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

20.    Denies the allegations set forth in paragraph "20"of the complaint.

21.    In response to the allegations set forth in paragraph "21" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "20" of this answer as fully set forth herein.

22.    Denies the allegations set forth in paragraph "22" of the complaint.

23.    Denies the allegations set forth in paragraph "23" of the complaint.

24.    In response to the allegations set forth in paragraph "24" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "23" of this answer as fully set forth herein.

25.    Denies the allegations set forth in paragraph "25" of the complaint.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    In response to the allegations set forth in paragraph "27" of the complaint, defendant City repeats and realleges the responses set forth in paragraph "1" through "26" of this answer as fully set forth herein.

28.    Defendant states that the allegations set forth in paragraph "28" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

29.    Denies the allegations set forth in paragraph "29" of the complaint.

30.    Denies the allegations set forth in paragraph "30" of the complaint.

31.    Denies the allegations set forth in paragraph "31" of the complaint.

32.    Denies the allegations set forth in paragraph "32" of the complaint.

33.    Denies the allegations set forth in paragraph "33" of the complaint.

34.    Denies the allegations set forth in paragraph "34" of the complaint, including all subparts therein.

35.    Denies the allegations set forth in paragraph "35" of the complaint.

36.    In response to the allegations set forth in paragraph "36" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "35"of this answer as fully set forth herein.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 8, 2006.

38.    Denies the allegations set forth in paragraph "38" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 8, 2006 and that this claim has not been settled.

39.    Denies the allegations set forth in paragraph "39" of the complaint.

40.    Denies the allegations set forth in paragraph "40" of the complaint, except admits that plaintiff filed his complaint in the instant action on or about April 17, 2007.

41.    In response to the allegations in paragraph "41" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "40" of this answer as fully set forth herein.

42.    Denies the allegations set forth in paragraph "42" of the complaint.

43.    Denies the allegations set forth in paragraph "43" of the complaint.

44.    Denies the allegations set forth in paragraph "44" of the complaint.

45.    In response to the allegations in paragraph "45" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "44" of this answer as fully set forth herein.

46.    Denies the allegations set forth in paragraph "46" of the complaint.

47.    Denies the allegations set forth in paragraph "47" of the complaint.

48.    In response to the allegations in paragraph "48" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "47" of this answer as fully set forth herein.

49.    Denies the allegations set forth in paragraph "49" of the complaint.

50.    Denies the allegations set forth in paragraph "50" of the complaint.

51.    Denies the allegations set forth in paragraph "51" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

52.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

53.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

54.    At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably in the proper and lawful exercise of its discretion, and is therefore entitled to governmental immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

55.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

56.    There was probable cause for plaintiff's arrest, detention, and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

57.    Plaintiff may not recover punitive damages from the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

58.    To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

59.    Plaintiff has failed to comply with the conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

60.     Plaintiff has failed to comply with New York General Municipal Law §§ 50-(e) and (i).

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              August 6, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant City of New York
                        100 Church Street, Room 3-208
                        New York, New York 10007
                        (212) 788-1895


                 By:    _____
                        Jessica T. Cohen (JC 0044)
                        Assistant Corporation Counsel


To:     Jeffrey Pollack, Esq.
        Tracie A. Sundack & Associates, L.L.C.
        Attorneys for Plaintiff
        19 Court Street, 3rd Floor
        White Plains, New York 10601

Docket No. 07 Civ. 3080 (TPG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESLEY MACIAS A/K/A NELSON
RODRIGUEZ,

                                        Plaintiff,

                        -against-

THE CITY OF NEW YORK AND SEVERAL
UNIDENTIFIED POLICE OFFICERS,

                                        Defendants

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Jessica T. Cohen*
*Tel:  (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..........................................2007*

*.................................................................... Esq.*

*Attorney for .......................................................*