UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

LESLEY MACIAS A/K/A NELSON RODRIGUEZ,

                                 Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER HUGH
HERBERT, SHIELD NUMBER 16432 and POLICE
OFFICER WILLIAM PECK, SHIELD NUMBER 1343,

                                 Defendants.

-------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT**

07-CV-3080 (TPG)

Jury Trial Demanded

Defendants Hugh Herbert and William Peck[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint ("complaint"), respectfully allege, upon information and belief, as follows:

      1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

      2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

      3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

      4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

      5.      Defendants state that the statement set forth in paragraph "5" of the complaint does not constitute an averment to which a response is required.

---

[1] Defendant City of New York served and filed its answer on December 26, 2007.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.    Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York.

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York, that it maintains a police department, and respectfully refers the Court to the New York City Charter for a recitation of the City's functions and duties.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that Officer Herbert and Officer Peck were employed by the City of New York as police officers on March 8, 2006.

10.    Defendants state that the allegations set forth in paragraph "10" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

11.    Defendants state that the allegations set forth in paragraph "11" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

12.    Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was at or near the intersection of Forty-Second Street and Eighth Avenue on March 8 2006.

13.    Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested on March 8, 2006.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "17" of this answer as if fully set forth herein.

19. Defendants state that the allegations set forth in paragraph "19" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

20. Deny the allegations set forth in paragraph "20"of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "20" of this answer as fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27.    In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "26" of this answer as if fully set forth herein.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    Deny the allegations set forth in paragraph "32" of the complaint.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint, including all subparts thereto.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "35"of this answer as if fully set forth herein.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 8, 2006.

38.    Deny the allegations set forth in paragraph "38" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 8, 2006 and that this claim has not been settled.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

- 4 -

40.     Deny the allegations set forth in paragraph "40" of the complaint, except admit that plaintiff filed his complaint in the instant action on or about April 17, 2007.

41.     In response to the allegations in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "40" of this answer as if fully set forth herein.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     In response to the allegations in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "44" of this answer as if fully set forth herein.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     In response to the allegations in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "47" of this answer as if fully set forth herein.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

52.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

53.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

54.    Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

55.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

56.    There was probable cause for plaintiff's arrest, detention, and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

57.    Plaintiff may have failed to comply with the conditions precedent to suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

58.    Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

59.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably and in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants Hugh Herbert and William Peck request judgment

dismissing the complaint in its entirety, together with the costs and disbursements of this action,

and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
             February 8, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendants
                            100 Church Street, Room 3-208
                            New York, New York 10007
                            (212) 788-1895

                        By:      _____
                              Jessica T. Cohen (JC 0044)
                              Assistant Corporation Counsel

To:     Jeffrey Pollack, Esq. (by ECF)
          Tracie A. Sundack & Associates, L.L.C.
          Attorneys for Plaintiff
          19 Court Street, 3rd Floor
          White Plains, New York 10601

Docket No. 07 Civ. 3080 (TPG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESLEY MACIAS A/K/A NELSON
RODRIGUEZ,

                                        Plaintiff,

                        -against-

THE CITY OF NEW YORK, POLICE OFFICER
HUGH HERBERT, SHIELD NUMBER 16432 and
POLICE OFFICER WILLIAM PECK, SHIELD
NUMBER 1343,

                                        Defendants.

## ANSWER TO AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Jessica T. Cohen*
*Tel:  (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ......................................... ,2007*

*.................................................................. Esq.*

*Attorney for .......................................................*